IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01580-PAB-KMT

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

THOMAS C. FISHER, Former CDOC Doctor,
RENE JORDAN, Director CDOC Clinical Services,
SUSAN M. TIONA, M.D., Former CDOC Chief Medical Officer,
DIRECTOR OF CDOC PHARMACY 2015-2016,
DESTIN FOREE, Health Service Administrator, CDOC/CTCF,
BRIAN HOFFMANN, Health Service Administrator, CDOC/CTCF,
MARY ANN ALDRICH, Administrtive [sic] Service Manager, COC/CTCF,
ROBERT MAGNUSON, M.D., CDOC/CTCF,
GINA NELSON, M.D., CDOC/CTCF,
ANITA NORMANDY, Nurse, CDOC/CTCF,
REBECKA WILSON, Nurse, CDOC/CTCF,
JODY SINKER, Acting Health Service Administrator, CDOC/CTCF,
TWO UNKNOWN CDOC PHARMACY STAFF 2015-2016,
CORRECTIONAL HEALTH PARTNERS, INC.,
MARK WIENPAHL, CEO, Correctional Health Partners, Inc., and
S. TATEOSIAN, Correctional Health Partners, Inc.,

    Defendants.

## ORDER

This matter is before me on plaintiff's Objection to Assignment of Case to Judge Philip A Brimmer and to Magistrate Judge Kathleen M. Tafoya – Request to Reassign Case [Docket No. 18]. In light of plaintiff's pro se status, I construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

Magistrate Judge Tafoya and I presided over a case plaintiff previously filed, *Vreeland v. Fisher*, No. 13-cv-02422-PAB-KMT (D. Colo filed Sept. 5, 2013), alleging deliberate indifference to his medical needs. Plaintiff did not prevail, and I entered final judgment against him. *Id.*, Docket No. 366. On June 28, 2017, plaintiff filed the present case against many of those involved in the previous lawsuit. Docket No. 1. Plaintiff alleges, in part, that defendants perjured themselves and committed fraud on the court during his previous lawsuit. Docket No. 10 at 25-28. The case was assigned to me pursuant to D.C.COLO.LCivR 40.1(d)(1). Docket No. 11. On October 17, 2017, plaintiff filed the present objection, requesting that the case be reassigned. Docket No. 18. Because plaintiff's objection seeks relief under 28 U.S.C. § 455, I construe plaintiff's objection as a motion for recusal. Docket No. 18 at 4.[1] Section 455(b)(1) provides that a federal judge shall disqualify himself when he has "personal knowledge of disputed evidentiary facts concerning the proceeding." *See also* Fed. R. Evid. 605 ("The presiding judge may not testify as a witness at the trial.").

Plaintiff argues that, because I was a witness to the prior lawsuit suit, I "should not participate in this case in any judicial capacity at all due to even the slightest possibility of [me] being [a] possible witness."[2] Docket No. 18 at 3. Although plaintiff notes that defendants made statements during the prior proceedings that he claims were false and filed documents that plaintiff claims were forged, the fact that particular

---

[1] Plaintiff also cites 28 U.S.C. § 144, but denies that he seeks relief based on bias or prejudice, which renders § 144 inapplicable. Docket No. 18 at 3-4. Additionally, plaintiff does not provide an affidavit as required by § 144.

[2] Plaintiff also argues that the case should be reassigned from Magistrate Judge Tafoya, but that is an issue for her to decide.

testimony was given or particular documents were filed in the prior proceeding is a matter of public record that does not require the testimony of the presiding judge. *See* Fed. R. Evid. 201; *St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it."). Plaintiff does not identify any evidentiary facts that I would have learned outside of the public judicial proceeding. Docket No. 18 at 2. Knowledge of information that is in the public record "is simply not the kind of personal knowledge of disputed evidentiary facts with which § 455(b)(1) is concerned." *Matter of Hatcher*, 150 F.3d 631, 635 (7th Cir. 1998) (affirming denial of recusal where the judge had sat in on the defendant's prior trial as a spectator). Plaintiff does not claim bias or the appearance of bias and, in any event, "alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (citing *Berger v. United States*, 255 U.S. 22, 31 (1921)).

    Plaintiff also argues that I "should not be allowed to sit as Judge in this case and be forced to . . . second guess [my] original rulings on a previous case" because his "assertions require fresh eyes to review exactly what Plaintiff was asserting in the original case, and exactly what evidence[] he has to prove his assertions in this case." Docket No. 18 at 3. This argument is also unpersuasive. "It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." *Liteky v. United States*, 510 U.S. 540,

551 (1994). My prior judicial decisions do not provide a basis for recusal in this case. *Id*. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal."); *Williams v. Winslow (In re Winslow)*, 107 B.R. 752, 754 (Bankr. D. Colo. 1989) (holding that grounds of recusal do not include "alleged errors in rulings even when the ruling is such as to amount to a denial of a constitutional right. The remedy is review of the judge's decision, not replacement of the judge.").

For the foregoing reasons, it is

**ORDERED** that plaintiff's Objection to Assignment of Case to Judge Philip A Brimmer and to Magistrate Judge Kathleen M. Tafoya – Request to Reassign Case [Docket No. 18], construed as a motion for recusal, is **DENIED** in part insofar as it requests that the case be reassigned to a different district judge. It is further

**ORDERED** that plaintiff's Objection to Assignment of Case to Judge Philip A Brimmer and to Magistrate Judge Kathleen M. Tafoya – Request to Reassign Case [Docket No. 18] is referred to Magistrate Judge Kathleen M. Tafoya insofar as it requests reassignment to a different magistrate judge.

DATED November 1, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge