IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-01580-PAB-SKC

DELMART E.J.M. VREELAND, II,

      Plaintiff,

v.

SUSAN M. TIONA, M.D.,
RENE JORDAN,
ROBERT MAGNUSON, M.D.,
GINA NELSON, M.D.,
CELIA RIFE, R.N.,
ANITA NORMANDY,
JODY SINKER,
DOLF HALL,
KATHY MICKEY,
THEODORE L. LAURENCE, PA/NP,
TEJINDER SINGH, PA/NP,
CORRECTIONAL HEALTH PARTNERS, INC.,
JEFF ARCHAMBEAU, and
S. TATESOIAN.,

      Defendants.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

      This matter comes before the Court on the Recommendation Re: Defendants'

Motion to Dismiss filed on August 5, 2019 [Docket No. 319] ("the recommendation").

Magistrate Judge S. Kato Crews recommends that the Court grant in part and deny in

part the Motion to Dismiss in Part Plaintiff's Second Amended Complaint [Docket No.

256] filed by defendants Susan Tiona, Rene Jordan, Robert Magnuson, Gina Nelson,

Anita Normandy, Jody Sinker, Dolf Hall, and Theodore Laurence (the "CDOC

defendants"). Plaintiff, through counsel, filed timely written objections. Docket No. 331. The CDOC defendants did not file an objection.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).

Plaintiff is an inmate in the custody of the Colorado Department of Corrections. Docket No. 248.[1] In the operative complaint, plaintiff alleges that, under the direction of defendant Susan Tiona ("Tiona"), defendants purposefully refused him medical care. *Id.*[2] Plaintiff brings claims against all defendants in their individual capacities pursuant to 42 U.S.C. § 1983 for violations of his rights under the First, Eighth, and Fourteenth Amendments to the Constitution. *Id.* at 6-7, ¶ 36.[3] The magistrate judge recommends that (1) all claims against defendants Rene Jordan ("Jordan"), Anita Normandy ("Normandy"), and Jody Sinker ("Sinker") be dismissed as barred because the claims

_____

[1] Because the recommendation contains a detailed statement of the case and its procedural background, the Court discusses only the facts relevant to the resolution of plaintiff's objections. In considering the motion to dismiss, the Court assumes the truth of the allegations in the complaint. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

[2] Although Docket No. 248, the operative complaint, is the second amended complaint in this case, it is captioned "Plaintiff's First Amended Complaint and Jury Demand." *See* Docket No. 248; Docket No. 10 (first amended complaint); Docket No. 1 (initial complaint). For clarity, the Court refers to Docket No. 248 as the "operative complaint."

[3] The operative complaint brings claims against defendants in their individual capacities only. *See* Docket No. 266 at 3; Docket No. 319 at 5 n.4.

against them were previously dismissed with prejudice; (2) the Eighth Amendment claim against Tiona be dismissed in part as barred by the applicable statute of limitations; (3) the First and Fourteenth Amendment claims against the CDOC defendants be dismissed for failure to state a claim, except for a First Amendment retaliation claim against Tiona; and (4) the Eighth Amendment claims against defendants Gina Nelson ("Nelson"), Dolf Hall ("Hall"), and Theodore Laurence ("Laurence") be dismissed for failure to state a claim.  Docket No. 319.

Plaintiff first objects to the magistrate judge's conclusion that the claims against defendants Jordan, Normandy, and Sinker are barred.  Docket No. 331 at 2.  On January 16, 2018, plaintiff and certain defendants – including Jordan, Normandy, and Sinker – filed a stipulated motion to dismiss certain claims.  Docket No. 62.  In the stipulated motion to dismiss, the parties represented that, earlier that day, they "discussed [p]laintiff's claims against Jordan . . . Normandy . . . [and] Sinker . . . and agreed to the dismissal of the same *with prejudice*."  *Id*. at 2, ¶ 4 (emphasis added).  The stipulated motion to dismiss is signed "s/ Delmart E.J.M Vreeland, II, by agreement."  *Id*. at 2.  On January 17, 2018, the Court entered an order granting the stipulated motion to dismiss and dismissing the agreed claims with prejudice.  Docket No. 63.  However, in the operative complaint, plaintiff asserts substantively the same claims against defendants Jordan, Normandy, and Sinker as those that were previously dismissed with prejudice.  *Compare* Docket No. 10 at 5-18 *with* Docket No. 248 at 2-6.

Unless the Court makes some other provision, "[a] dismissal with prejudice [pursuant to Fed. R. Civ. P. 41(a)] . . . is subject to the usual rules of res judicata."  9 Arthur R. Miller, *Federal Practice & Procedure* § 2367 (3d. ed. Aug. 2019 update); *see*

*Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009) ("A voluntary dismissal with prejudice operates as a final adjudication on the merits and is thus a final judgment." (internal citations and quotations omitted)). Plaintiff concedes that the claims brought against Jordan, Normandy, and Sinker in the First Amended Complaint are substantively the same as the previously dismissed claims. Rather, plaintiff now appears to argue that he did not intend to dismiss the claims with prejudice. *See* Docket No. 331 at 2.[4] Plaintiff fails to explain why, if he did not intend to dismiss the claims with prejudice, he did not file a motion for reconsideration of the Court's order granting the stipulated motion to dismiss at any point before (or after) filing the operative complaint. *Cf. Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) ("[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or controlling law."). Moreover, plaintiff did not argue in his response to the motion to dismiss that he intended to dismiss Jordan, Normandy, and Sinker without prejudice. *See* Docket No. 266; *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Thus, plaintiff has failed to establish that he intended the dismissal of the claims against Jordan, Normandy, and Sinker to be without prejudice. As the Court agrees with the

---

[4] In support of his objection, plaintiff provides a partial transcript of the January 16, 2018 phone conference at which the parties agreed to the stipulated motion to dismiss. *See* Docket No. 331-1. The Court will not consider evidence absent from the record before the magistrate judge. Even if the Court did consider the document, however, the document does not tend to establish that plaintiff intended for the dismissal of claims against Jordan, Normandy, and Sinker to be with prejudice. *See* Docket No. 331-1 at 2, 32:13-16 (plaintiff stating that "I'm agreeing to dismiss anything alleged in Claim 1 or 2 against these people in this case, that's what I'm agreeing to").

4

recommendation that the claims against Jordan, Normandy, and Sinker are barred, the Court will overrule plaintiff's objection.

Next, plaintiff objects to the recommendation that the statute of limitations bars the Eighth Amendment claims against Tiona. The magistrate judge concluded that claims against Tiona that accrued more than two years prior to plaintiff filing this lawsuit on June 28, 2017 are no longer actionable. Docket No. 319 at 8-9. Plaintiff concedes that the statute of limitations is two years, but argues that the date that a claim accrues for the purposes of a statute of limitations is a "fact issue." Docket No. 331 at 2. However, "[a] statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (internal quotation marks omitted). The Court agrees with the recommendation that plaintiff may continue to pursue his claims against Tiona arising out of conduct occurring after June 28, 2015.[5] *Cf. Chrisco v. Raemisch*, 374 F. Supp. 3d 1093, 1098-99 (D. Colo. 2019) (holding that, where it appears from the complaint that at least some of defendant's conduct may have occurred within the limitations period, plaintiff may pursue a medical malpractice claim on acts occurring within the limitations period only).

Finally, plaintiff states that he "intends to bring First and Fourteenth Amendment claims against all named [d]efendants." Docket No. 331 at 2. The Court interprets this

---

[5] The recommendation contains a typographical error as to the date of accrual. *See* Docket No. 319 at 9 (recommending that claims based on allegations occurring after July 28, 2015 be allowed to proceed); Docket No. 1 (complaint filed June 28, 2017).

as an attempt to object to the recommendation that the First and Fourteenth Amendment claims be dismissed against all of the CDOC defendants, other than a First Amendment complaint against Tiona. The objection is otherwise devoid of sufficient specificity to preserve the issue for *de novo* review by this Court. *See Wofford v. Colvin*, 570 F. App'x 744, 745-46 (10th Cir. 2014) (unpublished) (holding that "conclusory and non-specific" objections that "fail[] to identify the particular errors the magistrate judge committed" fail to preserve an issue for appellate review); *see also Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("[A]n objection stating only 'I object' preserves no issue for review."). In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). The Court has reviewed the portion of the recommendation analyzing the First and Fourteenth Amendment claims to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes.[6] Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law, and will dismiss the First and Fourteenth Amendment claims

---

[6] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

against the CDOC defendants except for the First Amendment retaliation claim against Tiona.

The Court has reviewed the remainder of the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes.[7] Based on this review, the Court has concluded that the remainder of the recommendation is a correct application of the facts and the law, and will adopt the recommendation. It is therefore

**ORDERED** that the Recommendation Re: Defendants' Motion to Dismiss [Docket No. 319] is **ADOPTED**. It is further

**ORDERED** that Plaintiff's Response to the Recommendation of Magistrate Judge S. Kato Crews Re: Defendant's Motion to Dismiss [Docket No. 331], construed as an objection, is **OVERRULED**. It is further

**ORDERED** that the Motion to Dismiss in Part Plaintiff's Second Amended Complaint [Docket No. 256] is **GRANTED IN PART** and **DENIED IN PART** as consistent with this order. It is further

**ORDERED** that all claims against defendants Rene Jordan, Anita Normandy, and Jody Sinker are **DISMISSED** because the claims were previously dismissed with prejudice. It is further

---

[7] Plaintiff's objections to the recommendation include statements that he "intends to proceed with . . . the . . . Eighth Amendment claims which are not barred by the statute of limitations" and "intends to [proceed] against [Tiona] on a theory of [First] Amendment retaliation." Docket No. 331 at 2. The Court does not construe these statements as objections to the recommendation.

**ORDERED** that the Eighth Amendment claims against Gina Nelson, Dolf Hall, and Theodore Laurence are **DISMISSED WITH PREJUDICE** for failure to state a claim. It is further

**ORDERED** that the First and Fourteenth Amendment claims against Gina Nelson, Dolf Hall, and Theodore Laurence are **DISMISSED WITH PREJUDICE** for failure to state a claim. It is further

**ORDERED** that defendants Rene Jordan, Anita Normandy, Jody Sinker, Gina Nelson, Dolf Hall, and Theodore Laurence are dismissed from this case. It is further

**ORDERED** that the Eighth Amendment claims against Susan Tiona are **DISMISSED IN PART** as barred by the statute of limitations. Plaintiff may proceed on Eighth Amendment claims that accrued after June 28, 2015. It is further

**ORDERED** that plaintiff may proceed on his First and Fourteenth Amendment claim against Susan Tiona on a theory of First Amendment retaliation.

DATED September 23, 2019.

BY THE COURT:

   s/Philip A. Brimmer_____
PHILIP A. BRIMMER
Chief United States District Judge