IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-01580-PAB-SKC

DELMART E.J.M. VREELAND, II,

      Plaintiff,

v.

SUSAN M. TIONA, M.D.,
ROBERT MAGNUSON, M.D.,
CELIA RIFE, R.N.,
KATHY MICKEY,
TEJINDER SINGH, PA/NP,
CORRECTIONAL HEALTH PARTNERS, INC.,
JEFF ARCHAMBEAU, and
SUNSTRAY TATEOSIAN,

      Defendants.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

      This matter is before the Court on the Recommendation of United States
Magistrate Judge S. Kato Crews [Docket No. 355] dated February 10, 2020 (the
"recommendation") and plaintiff's Motion for Relief from Judgment [Docket No. 373].
Plaintiff filed a timely written objection to the recommendation. Docket No. 375. The
Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I.  BACKGROUND

### A.  Factual Background

      Plaintiff is an inmate in the Colorado Department of Corrections ("CDOC").
Docket No. 340 at 2.[1] Correctional Health Partners, Inc. ("CHP") is a medical services

_____

[1] All facts are undisputed unless otherwise noted.

organization that contracts with CDOC to determine whether there is a medical necessity for care to be provided to inmates out of the internal CDOC system. Docket No. 276 at 3, ¶¶ 3-4. Defendant Jeff Archambeau is CHP's chief executive officer and defendant Sunsiray Tateosian[2] is a senior care management coordinator with CHP. *Id.* at 6, ¶¶ 20-21. Defendant Robert Magnuson and former defendant Gina Nelson requested ultrasounds of a scrotal mass on plaintiff's testicle. *Id.* at 5, ¶ 15. CHP denied both requests. *Id.*, ¶ 16. However, CHP approved an ultrasound of plaintiff's abdomen. *Id.* at 6, ¶ 19.[3]

In July 2016, defendant Celia Rife was a contract employee of CDOC at the Colorado Territorial Correctional Facility ("CTFC"), where she worked as a nurse practitioner. Docket No. 285 at 2, ¶ 2. On July 6, 2016, Rife met with plaintiff at the CTFC medical clinic after plaintiff complained of chronic back pain. *Id.*, ¶ 3. The parties dispute whether or not Rife gave plaintiff injections of Kenalog and Lidocaine during that visit. *Compare id.* at 3, ¶ 5 with Docket No. 302-1 at 3. In plaintiff's version of events, Rife placed a phone call to defendant Susan Tiona ("Tiona") during the medical visit, during which Tiona told Rife not to provide Vreeland with medical care. Docket No. 302-1 at 3. Plaintiff subsequently did not receive medical care from Rife. *Id.* In Rife's

---

[2] Sunsiray Tateosian's first name is misspelled as "Sunstray" in the caption of the operative complaint. *See* Docket No. 276 at 1 n.1.

[3] Plaintiff denies this fact on the basis that "there are conflicts between" the fact and other exhibits in the record. Docket No. 303 at 4, ¶ 19. However, he does not explain how those exhibits dispute the factual statement. Therefore, the facts are considered undisputed for purposes of the motion. *See* Fed. R. Civ. P. 56(e); Practice Standards (Civil cases), Chief Judge Philip A. Brimmer § III.F.3.

telling, she gave plaintiff the Kenalog and Lidocaine injections, as well as a prescription for a five-day supply of Vicodin.  Docket No. 285 at 2-3, ¶ 4-5.

### B.   Procedural History

Plaintiff filed this lawsuit *pro se* on June 28, 2017.  Docket No. 1.  Plaintiff filed a first amended complaint on September 15, 2017, Docket No. 10, and a motion to amend that complaint on April 19, 2018.  Docket No. 127.  Before that motion was ruled on, plaintiff retained counsel, Brice A. Tondre, who entered an appearance on August 15, 2018.  Docket No. 231.  Plaintiff subsequently filed a new motion to amend the complaint, Docket No. 241, which Magistrate Judge S. Kato Crews granted.  Docket No. 247.  Accordingly, plaintiff filed his second amended complaint on October 25, 2018, which is the operative complaint.  Docket No. 248.  The operative complaint brings one claim under 42 U.S.C. § 1983 against Tiona, Rene Jordan, Magnuson, Nelson, Anita Normandy, Jody Sinker, Dolf Hall, and Theodore Laurence (together, the "CDOC defendants"), CHP, Archambeau, and Tatesoian (together, the "CHP defendants"), Rife, Kathy Mickey, and Tejinder Singh.  Docket No. 248 at 6-8, ¶¶ 34-46.  The central allegation of the operative complaint is that, under Tiona's direction, defendants purposefully refused plaintiff medical care during his incarceration.  Docket No. 340 at 2; *see generally* Docket No. 248.

On September 23, 2019, the Court granted in part and denied in part the CDOC defendants' motion to dismiss.  Docket No. 340.  The Court allowed plaintiff to proceed with (1) Eighth Amendment claims against Tiona that accrued after June 28, 2015 and (2) a First Amendment retaliation claim against Tiona.  *Id*. at 8.  The Court dismissed all other claims against the CDOC defendants with prejudice.  *Id*.

3

On a parallel track, the CHP defendants and Celia Rife filed motions for summary judgment on the claims against them.  Docket Nos. 276, 285.  On February 10, 2020, Magistrate Judge S. Kato Crews recommended that the Court grant the CHP defendants' motion and grant in part Rife's motion.  Docket No. 355.  The magistrate judge concluded that there was no dispute of material fact as to whether Archambeau or Tateosian acted with deliberate indifference towards plaintiff's serious medical needs. *Id*. at 7-11.  Similarly, the magistrate judge concluded that CHP was entitled to summary judgment because no dispute of material fact existed as to whether a CHP agent violated plaintiff's constitutional rights.  *Id*. at 12.  As for Rife, the magistrate judge concluded that a disputed issue of fact existed as to whether plaintiff received shots of Kenalog and Lidocaine from Rife.  *Id*. at 14-15.

On February 25, 2020, plaintiff's counsel withdrew from the case.  Docket No. 360.  Plaintiff, now proceeding *pro se* again, filed objections to the recommendation on April 15, 2020 after several extensions of time.  Docket No. 375.  The same day, plaintiff filed a motion requesting that the Court change its dismissal of the claims against the CDOC defendants from with prejudice to without prejudice pursuant to Fed. R. Civ. P. 60(b) (the "Rule 60(b) motion").  Docket No. 373.  Plaintiff argues that the dismissal with prejudice of these claims is the result of "pleading errors" caused by his counsel, and that relief under Rule 60(b) is necessary in order to allow plaintiff to attempt to amend his complaint once again and reinstate claims against the CDOC defendants.  Docket No. 373 at 8.  Plaintiff also filed a motion for leave to amend his complaint.  Docket No. 374.  On May 12, 2020, plaintiff filed a motion to withdraw his motion to amend, Docket

No. 386, and replace it with a different motion to amend.  Docket No. 387.   These three

motions, but not the Rule 60(b) motion, have been referred to Magistrate Judge Crews.

## II.   RULE 60(b) MOTION

The Court turns first to plaintiff's Rule 60(b) motion.[4]  Federal Rule of Civil

Procedure 60(b) allows a court to grant relief from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Relief under Rule 60(b) is extraordinary and may only be granted

in exceptional circumstances."  *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*,

909 F.2d 1437, 1440 (10th Cir. 1990).  Courts rarely grant Rule 60(b) motions, deferring

instead to the need for finality and the appeals process.  *See Davis v. Kansas Dep't of

Corrs.,* 507 F.3d 1246, 1248 (10th Cir. 2007) ("Parties seeking relief under Rule 60(b)

have a higher hurdle to overcome because such a motion is not a substitute for an

appeal.").

---

[4] The Court reviews plaintiff's *pro se* filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff argues that the Court should amend its dismissal of certain claims against the CDOC defendants so that the dismissal is "without prejudice."  The crux of plaintiff's argument is that his former counsel's pleadings and motions – specifically, the second amended complaint, the response to the CDOC defendants' motion to dismiss, and the objections to the magistrate judge's recommendation on that motion – were extremely deficient as a result of what plaintiff claims is his former counsel's "mental illness."  Docket No. 373 at 4-7.  Plaintiff argues that relief is necessary in order for him to file an amended complaint that rectifies the errors made by his former counsel.  *Id*. at 8-9.  In support, plaintiff cites Rule 60(b)(1), which allows for relief on the basis of "excusable neglect," and (b)(6), which allows for relief for "any other reason that justifies relief."  *Id*. at 11.

The Court will deny plaintiff's motion.  As plaintiff acknowledges, civil litigants are accountable for the acts and omissions of their chosen counsel.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993).  For that reason, there is a strong predisposition in the Tenth Circuit against granting Rule 60(b) relief for inadequacy of a party's attorney.  *See Bud Brooks Trucking*, 909 F.2d at 1440 (noting that "[p]arties and their attorneys must be held to a reasonably high standard of diligence"); 11 Mary Kay Kane, *Fed. Prac. & Proc.* § 2858 (3d ed. Apr. 2020 update) (noting that "[g]ross carelessness or negligence" by an attorney "is not enough" to warrant Rule 60(b)(1) relief).  Instead, a party may pursue a civil malpractice action against his counsel as a remedy.  *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1121 (10th Cir. 2006) (noting that, in a civil case, a party "who loses because his attorney's performance was deficient can file a legal malpractice lawsuit").

Moreover, the Court is not persuaded that, even if the factual situation warranted relief under Rule 60(b), there is any basis for the legal relief requested.  The only specific conclusion in the Court's order on the motion to dismiss that plaintiff challenges relates to the claims against Rene Jordan, Anita Normandy, and Jody Sinker.  *See* Docket No. 373 at 12-13.  In the order, the Court concluded that the claims against those defendants were barred because the parties – including plaintiff, then *pro se* – agreed to dismiss those claims *with prejudice* earlier in the litigation.  *See* Docket No. 340 at 3 (discussing Docket Nos. 62 and 63).  Plaintiff now argues that he did not, in fact, intend to dismiss those defendants with prejudice, and that he raised this issue earlier in the litigation.  Docket No. 373 at 12-13 (citing Docket No. 65).  But plaintiff's argument earlier in the litigation was that the dismissal with prejudice was the result of sanctionable misconduct by CDOC counsel – an argument that Magistrate Judge Kathleen M. Tafoya considered and rejected.  *See* Docket No. 221; Docket No. 243 (transcript).  Plaintiff offers no persuasive reason to reconsider the Court's determination that the claims against these defendants in the operative complaint are barred by the earlier dismissal with prejudice.  Accordingly, the Court will deny plaintiff's Rule 60(b) motion.[5]

---

[5] Plaintiff seems to argue that he intends to amend the complaint to allege a different factual basis for some of his claims.  *See* Docket No. 373 at 12 (suggesting that the claims brought in the amended complaint cover conduct during a different time period, October 2015 to June 2016).  The only question resolved in the Court's order on the motion to dismiss was the preclusive effect that the dismissal with prejudice, Docket No. 63, has on the operative complaint in this action, Docket No. 248.  *See* Docket No. 340 at 4 (noting that the claims in Docket No. 10 were substantively the same as the claims in Docket No. 248).  The Court did not consider the preclusive effect of Docket No. 63 on the claims in plaintiff's proposed amended complaint, Docket No. 127-1, which was never ruled upon.

## III.  OBJECTIONS

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).

Plaintiff's first objection is not to the merits of the recommendation.  Rather, plaintiff objects on the basis that, under his current conditions of confinement, he does not have access to a law library or to his tablet computer which contains case files. Docket No. 375 at 6-7.  The Court granted plaintiff three extensions of time – from February 24 to March 11, from March 11 to April 10, and from April 10 to April 24 – to file his objections despite conflicting evidence as to the extent of plaintiff's access to legal materials and his case files.[6]  The Court is not persuaded that plaintiff has shown that his ability to file objections was so impeded that plaintiff lacked "meaningful access to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817 (1977)); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996).  Accordingly, the Court rejects this argument and proceeds to the substance of plaintiff's objections.

---

[6] On March 4, 2020, plaintiff moved to stay discovery.  Docket No. 361.  In response to a Court order, Docket No. 363, the CDOC defendants provided an affidavit from plaintiff's case manager at the Fremont Correctional Facility, Laura Maynes-Cortez, who represented that inmates in plaintiff's unit could access the law library, receive legal mail, and access legal materials already in their possession at the time of their transfer. Docket No. 365-1.  The Court subsequently found no basis to stay the case.  Docket No. 366.

## A.   CHP Defendants

Plaintiff's § 1983 claim against the CHP defendants is that CHP "refused to approve outside care and treatment for [p]laintiff which had been deemed necessary" and that Jeff Archambeau and Sunsiray Tateosian "implemented a policy of denying approval of medical care for plaintiff," Docket No. 248 at 3, based on evidence that CHP denied two requests for an ultrasound of a "scrotal mass" on plaintiff's testicle.  Docket No. 276 at 5, ¶¶ 15-16; Docket No. 303 at 3, ¶¶ 15-16.  The magistrate judge recommends that the Court grant summary judgment to the CHP defendants.  Docket No. 355 at 7-12.  Specifically, the magistrate judge concludes that there is no evidence (1) that Archambeau "personally participated in the denial of [plaintiff's] requests for medical services" or (2) that Tateosian "acted with a sufficiently culpable state of mind." *Id*. at 9.  The magistrate judge recommends that CHP be granted summary judgment as a result, as "an entity cannot be held liable for a violation of plaintiff's constitutional rights" where there is no "constitutional violation by an agent whose conduct directly caused the plaintiff's injuries." *Id*. at 12 (citing *Trigalet v. City of Tulsa, Okla.*, 239 F.3d 1150, 1153-54 (10th Cir. 2001)).

Plaintiff initially filed an objection to these conclusions.  Docket No. 375 at 7-13. However, in reply to the CHP defendants' response brief, plaintiff withdraws his objection as to Archambeau and Tateosian.  Docket No. 391.  This withdrawal is based on the CHP defendants' counsel's statement that Jennifer Mix, CHP's medical director, is the person who actually denied plaintiff's requested ultrasound.  *See* Docket No. 381

at 7 (referencing Docket No. 278-3).[7]  Absent an objection, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[8] Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Seeing none, the Court adopts the recommendation and grants summary judgment to Archambeau and Tateosian.

Plaintiff maintains his objection as to CHP, however.  Docket No. 391 at 3. Plaintiff argues that, even with no personal participation by Archambeau and Tateosian, CHP may be liable through the action of non-party Jennifer Mix in denying the ultrasound.  *Id*.  However, as the magistrate judge noted in his recommendation, the principles of municipal liability apply to a plaintiff seeking to impose § 1983 liability on a private corporation.  Docket No. 355 at 11-12 (citing *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003)).  Thus, plaintiff must identify a "policy or custom" of the corporation that caused the plaintiff's injury.  *Cf. Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013) (identifying the elements of a municipal liability claim).  CHP argued in its motion for summary judgment that the record lacks evidence that it has an unconstitutional policy of denying medical requests.  Docket No. 276 at 9-10.  In his response, plaintiff failed to identify any evidence supporting an

---

[7] The Court expresses no view on the merits of plaintiff's attempt to add Jennifer Mix as a defendant, which is the subject of a separate motion.

[8] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).  In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").

inference that CHP has any such policy. *See* Docket No. 303 at 4-5. Similarly, plaintiff's objection does not identify any evidence in the record, relying instead on bare allegations that CHP denies certain requests for medical care "flat out" and that it has "a policy to deny care for profit." *See* Docket No. 375 at 9, 13. Finally, plaintiff's reply brief does not offer any evidence from which to conclude that non-party Jennifer Mix's denial of the ultrasound was in accordance with an unconstitutional policy and procedure of CHP. *See* Docket No. 391 at 4. Accordingly, the Court will overrule the objection and grant summary judgment to CHP.

### B.   Rife

Plaintiff claims that Rife did not order tests or medications for plaintiff at the July 6, 2016 medical consultation. Docket No. 248 at 2, ¶ 8. The magistrate judge recommends that the Court deny summary judgment as to the issue of whether Rife failed to provide plaintiff with shots of Kenalog and Lidocaine during that consultation. Docket No. 355 at 13-16. Plaintiff's objection to the recommendation on this point is unclear. Plaintiff appears to suggest that he either met with Rife a second time (after July 6) or that Rife had some duty to follow up with plaintiff after the July 6 consultation. *See* Docket No. 375 at 13-14. However, plaintiff points to no evidence in the record that supports either of these contentions. The only disputed material fact is whether or not Rife did, in fact, administer the Kenalog and Lidocaine shots to plaintiff during the July 6 consultation. Accordingly, the Court agrees with and adopts the recommendation as to the claim against Rife.

IV.   **CONCLUSION**

For the benefit of all parties, the Court summarizes the current state of this case. The operative complaint is Docket No. 248.  Claims from the operative complaint remain against (1) Robert Magnuson, for Eighth Amendment deliberate indifference; (2) Susan Tiona, for (a) Eighth Amendment deliberate indifference accruing after June 28, 2015 and (b) First Amendment retaliation; (3) Celia Rife, for Eighth Amendment deliberate indifference arising out of her alleged failure to provide plaintiff with Kenalog and Lidocaine shots; (4) Kathy Mickey, who has never been served with process; and (5) Tejinder Singh, who has never been served with process.  Plaintiff's two motions to amend the complaint, Docket Nos. 374 and 387, as well as his motion to withdraw his first motion for leave to amend the complaint, Docket No. 386, are referred to and pending before Magistrate Judge S. Kato Crews.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge S. Kato Crews [Docket No. 355] is **ADOPTED**.  It is further

**ORDERED** that plaintiff's Objection to Docket No. 355 Magistrate Recommendations [Docket No. 375] is **OVERRULED**.  It is further

**ORDERED** that the CHP Defendants' Motion for Summary Judgment [Docket No. 276] is **GRANTED**.  It is further

**ORDERED** that Defendant Celia Rife's Motion for Summary Judgment [Docket No. 285] is **GRANTED IN PART** and **DENIED IN PART** as consistent with the Recommendation.  It is further

**ORDERED** that the claims against defendants Correctional Health Partners, Inc.,

Jeff Archambeau, and Sunsiray Tateosian are **DISMISSED WITH PREJUDICE**.  It is

further

**ORDERED** that plaintiff's Motion for Relief from Judgment [Docket No. 373] is

**DENIED**.

DATED May 29, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge