IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-01580-PAB-SKC

DELMART E.J.M. VREELAND, II,

      Plaintiff,

v.

SUSAN M. TIONA,
ROBERT MAGNUSON, M.D.,
CELIA RIFE, R.N.,
KATHY MICKEY, and
TEJINDER SINGH, PA/NP,

      Defendants.

---

**ORDER**

---

This matter is before the Court on plaintiffs objections [Docket No. 421] to two orders of the assigned magistrate judge filed on October 2, 2020.  *See* Docket Nos. 418 and 419.  Defendants have not filed a response to plaintiff's objection.

Since plaintiff filed a timely objection[1] to two nondispositive orders, the Court must review the objected to portions of the magistrate judge's orders to determine whether they are "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); *see A.A. ex rel Archuletta v. Martinez*, No. 12-cv-00732-WYD-KMT, 2012 WL 5974170, at *1 (D. Colo. Oct. 9, 2012) (reviewing magistrate judge's order on motion to stay proceedings under "clearly erroneous or contrary to law" standard).  Therefore, the Court must "affirm unless it '. . . is left with the definite and firm conviction that a mistake has been

---

[1] Plaintiff's objection was placed in the inmate legal mail system on October 15, 2020.  Docket No. 421 at 7.

committed.'"  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458,1464 (10th Cir. 1988)

(quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Plaintiff is a state prisoner in the custody of the Colorado Department of

Corrections ("CDOC").  Docket No. 406 at 1.  Plaintiff alleges that, under defendant

Tiona's direction, defendants purposefully refused plaintiff medical care during his

incarceration.  Docket No. 340 at 2; *see generally* Docket No. 248.

Plaintiff alleges that the CDOC has seized his legal materials, he cannot litigate

this case without access to his case files and evidence, and he cannot produce the

requested discovery without such materials.  Docket No. 406. at 4, 7.  On September

21, 2020, plaintiff filed a motion for a 45-day enlargement of time to file any required

motions, amendments, responses, replies, or objections, alleging that he had been

denied typing paper for three months and that CDOC has closed its law libraries.

Docket No. 414.  On October 2, 2020, the magistrate judge granted this motion in part,

allowing a 30-day extension for discovery responses, but denying the rest because

there were no other pending motions in the case that required a response, because

only the district judge could grant an extension of time to file objections, and because

the request was too vague to warrant relief.  Docket No. 418.

On July 20, 2020, plaintiff filed motion to stay all proceedings, requesting a stay

until the Court in another case, *Vreeland v. Vigil*, No. 18-cv-03165-PAB-SKC, ruled on,

and he had the opportunity to appeal any adverse ruling, a motion for a preliminary

injunction for the return of his legal materials.  *Id.* at 7-8. The magistrate judge denied

plaintiff's motion to stay as moot because the magistrate judge found that plaintiff's

subsequently filed motion for a 45-day enlargement indicated that he had the ability to move forward with the case.  Docket No. 419.

On October 19, 2020, plaintiff filed an objection to both orders alleging that he still does not have access to his legal materials, which he needs to litigate this case. Docket No. 421 at 3, 5.

Turning first to the motion to stay, it is well-established that a court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  However, the Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).  Stays of all proceedings in a case are thus "generally disfavored in this District" and are considered to be "the exception rather than the rule."  *Davidson v. Bank of Am. N.A.*, No. 14-cv-01578-CMA-KMT, 2015 WL 5444308, at *1 (D. Colo. Sept. 16, 2015).  In determining whether to grant or deny a stay, courts in this district consider the following factors: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

Plaintiff did not address these factors in his motion to stay or objection to the magistrate judge's order, instead focusing on how the denial of his legal materials prevents him from litigating his claims.  Docket Nos. 406, 421.  The magistrate judge

3

found that plaintiff "now has the ability to move forward" because he requested a 45-day enlargement to file responses and replies in this and other actions, and because the magistrate judge granted a 30-day extension for plaintiff to reply to the only outstanding matter with respect to defendant Tiona.  Docket Nos. 418 and 419.

The Court reaches the same conclusion, but for different reasons.  In the motion for 45-day enlargement, plaintiff indicated that he now had sufficient typing paper to prepare filings on, but he did not indicate that he had regained access to his legal materials, the denial of which provided the base of his request for a stay.  Docket Nos. 414 at 2, 406 at 4.  The magistrate judge's 30-day extension for discovery requests does not address plaintiff's contention that he cannot respond to the discovery request without his legal materials.  *See* Docket No. 418.

Plaintiff requested a stay until resolution of his objection to the magistrate judge's denial of his motion for the return of his tablet and legal materials in *Vreeland v. Vigil*, No. 18-cv-03165, and the chance to appeal any adverse ruling.  Docket No. 406.  The Court has now ordered the return of plaintiff's tablet for a two month period.  *Vigil*, No. 18-cv-03165, Docket No. 216.  The Court denied plaintiff's motion for the return of his other legal materials because plaintiff did not adequately describe why he needed them.  *Id.*  The same is true here, where plaintiff has not made a sufficient showing of the need for any legal materials besides his tablet.[2]  Because the Court ordered the return of plaintiff's tablet for a two month period, the Court will deny as moot the portion

---

[2] In *Vigil*, the defendants state that CDOC cannot locate plaintiff's books and legal materials.  *Vigil*, No. 18-cv-03165, Docket No. 113 at 6.  Thus, even if the Court ordered their return, it is questionable whether the materials would be found.

of his motion to stay based on the seizure of his tablet.

The Court's order in *Vigil* denied the return of plaintiff's legal materials; therefore, the portion of his motion to stay based on seizure of his legal materials is not moot. *See Vigil*, No. 18-cv-03165, Docket No. 216.  The Court will examine this portion of plaintiff's motion in light of the *String Cheese Incident* factors.  Factor one weighs in plaintiff's favor because he seeks the stay and states that he will be prejudiced without one.  Docket No. 406.  However, plaintiff fails to allege specifically why he needs his legal materials and why he cannot reproduce them, making this factor of limited weight. *See id.*  Under factor two, CDOC defendants claim that the burden to them will be the extended life of this litigation and the taxpayer resources that are required to defend against the litigation.  Docket No. 408 at 2.  The ordinary burdens associated with litigation, however, do not constitute undue burden, *see Collins v. Ace Mortgage Funding, LLC*, No. 08-cv-1709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008), and defendants have failed to show that the burden would be exacerbated by a stay.  As such, the Court finds this factor neutral.

The Court recognizes that the delay caused by a stay "makes the Court's docket less predictable, and hence, less manageable."  *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *3 (D. Colo. Jan. 7, 2010).  The Court finds that factor three weighs against a stay because the litigation has been ongoing since June 28, 2017.  *See* Docket No. 1.  A stay will prolong it further and result in unpredictability in managing the Court's docket.  *See Stone,* 2010 WL 148278, at *3. For factor four, CDOC defendants argue that CDOC and its employees have an interest

in a speedy resolution because they are third parties to the litigation who bear the principal obligation to collect documents and materials to refute plaintiff's allegations. Docket No. 408 at 3. The Court agrees that these non-parties have an interest in speedy resolution of plaintiff's claims and finds this factor weighs against a stay. Similarly, the public has an interest in the speedy resolution of legal disputes. *Prison Legal News v. Fed Bureau of Prisons*, No. 15-cv-02184-RM-STV, 2017 WL 10619942, at *13 (D. Colo. Feb 23, 2017). The Court agrees with CDOC that this factor weighs against a stay, as this case has already dragged on for many years and consumed public resources.

Because of the general presumption against a stay and three of the five factors weighing against one here, the Court denies the portion of plaintiff's motion to stay based on seizure of his legal materials. Plaintiff has not alleged with sufficient particularity why he cannot respond to discovery requests.

Having found that the portion of plaintiff's motion to stay based on seizure of his tablet is moot and the portion based on seizure of legal materials should be denied, the Court turns to plaintiff's objection to the magistrate judge's order denying the motion for a 45-day enlargement. Docket No. 421. Plaintiff argues that he cannot respond to the discovery requests in time, even with the 30 day extension given by the magistrate judge, because he needs his tablet and legal materials in order to provide the BATES numbers required in his response to defendant's discovery request. *Id.* at 5.

The Court finds no clear error in the magistrate judge's order denying the motion for a 45-day enlargement. Plaintiff's claim that he cannot respond to the discovery request is unavailing because, under his logic, even if his 45-day enlargement had been

6

granted, he would still not be able to respond.  The magistrate judge cured any

potential prejudice to plaintiff from the denial of typing paper by granting an extension to

the discovery request, which was the only outstanding response due from plaintiff.

Docket No. 418.  Accordingly, the Court finds no clear error in the magistrate judge's

order.  However, because the Court has now ordered the return of plaintiff's table for a

two month period, to the extent there are any remaining discovery responses from

plaintiff that require information from the tablet, the magistrate judge may set a new

deadline for plaintiff to comply with the request.  Therefore, it is

ORDERED that the Order of Magistrate Judge S. Kato Crews [Docket No. 418]

is **ACCEPTED**.  It is further

ORDERED that the Order of Magistrate Judge S. Kato Crews [Docket No. 419]

is **ACCEPTED**.  It is further

ORDERED that plaintiff's Motion to Stay All Proceedings Until Resolution and

Conclusion of Objection to Denial of Rule 65 Motion and Appeal to U.S. Court of

Appeals [Docket No. 406] is **DENIED**.  It is further

ORDERED that plaintiff's Motion for 45 day Enlargement of Time to File [Docket

No. 414] is **DENIED**.  It is further

ORDERED that plaintiffs Objection/Appeal of Magistrate Judge Decision to

District Court [Docket No. 421] is **OVERRULED**.  It is further

**ORDERED** that, if required, the magistrate judge may set a new discovery deadline for information from plaintiff's tablet.

DATED January 22, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge