IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-01580-PAB-SKC

DELMART E.J.M. VREELAND, II,

        Plaintiff,

v.

SUSAN M. TIONA,
ROBERT MAGNUSON, M.D.,
CELIA RIFE, R.N.,
KATHY MICKEY, and
TEJINDER SINGH, PA/NP,

        Defendants.

---

## ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge S. Kato Crews [Docket No. 420]. The magistrate judge recommends that the Court deny plaintiff Delmart Vreeland's Motion for Leave to Amend Complaint to Conform to Evidence [Docket No. 387] and Motion to Address Service of Complaint on all Parties [Docket No. 396]. Plaintiff filed an objection, to which Correctional Health Partners, Jeff Archambeau, and Sunsiray Tateosian responded ("CHP defendants"). Docket Nos. 430, 437. The background facts are set forth in the magistrate judge's recommendation, Docket No. 420, and will not be repeated here except as relevant to resolving the objection.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and

legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).  In light of plaintiff's pro se status, the Court reviews his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

## I.  BACKGROUND

Plaintiff is a state prisoner in the custody of the Colorado Department of Corrections ("CDOC").  Docket No. 406 at 1.  Plaintiff alleges that, under defendant Tiona's direction, defendants purposefully refused plaintiff medical care during his incarceration.  Docket No. 340 at 2; *see generally* Docket No. 248.  Plaintiff filed this case on June 28, 2017.  Docket No. 1.  The operative complaint is the second amended complaint ("SAC"), filed on October 25, 2018.  Docket No. 248.  The SAC was filed by plaintiff's former counsel Brice Tondre ("Tondre").  *See id.*  The Court has dismissed several defendants named in the SAC.  *See* Docket Nos. 248, 340.  On February 25, 2020, the Court granted Tondre's motion to withdraw.  Docket No. 360. Plaintiff is now pro se.  Plaintiff alleges that Tondre suffered from age-related mental illness and made grave errors in the case due to this incapacity.  *See, e.g.*, Docket Nos. 293, 373, 432.

## II.  ANALYSIS

### A.  Motion to Amend

#### 1. Jennifer A. Mix, D.O.

Plaintiff has consistently alleged that Sunsiray Tateosian was responsible for denying his requested ultrasound.  *See* Docket No. 1 at 28.  However, on May 5, 2020,

CHP defendants filed a response to plaintiff's objections to a magistrate judge recommendation and stated that Jennifer A. Mix, D.O. ("Dr. Mix") was the person responsible for denying the ultrasound.  Docket No. 381 at 6-7.  On May 12, 2020, plaintiff filed a motion for leave to amend the complaint to add Dr. Mix as a defendant. Docket No. 387 at 5-6.  Plaintiff argues that this new evidence constitutes good cause for the amendment.  *Id.*

The magistrate judge recommends denying the motion to amend because plaintiff has known of Dr. Mix's identity and role in his medical care since at least November 20, 2018.  Docket No. 420 at 6.  Plaintiff sought leave to amend under Rule 15(b), which governs amendments to the pleadings during and after trial.  Fed. R. Civ. P. 15(b).  The magistrate judge analyzed plaintiff's motion under Rule 15(a)(2), which governs amendments before trial.  Docket No. 420 at 3 n.5.  The rule states that, after the time to amend as of right has passed, "a party may amend its pleading only with . . . the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  In his objection, plaintiff asserts that both he and the magistrate judge were wrong in that the correct legal standard is actually Rule 15(c)(1)(C)(ii), which governs when an amendment based on mistaken identity relates back to an original complaint.  Docket No. 430 at 13; Fed. R. Civ. P. 15(c)(1)(C)(ii). While plaintiff did not argue this in his motion and "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived," *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996), due to plaintiff's pro se status the Court will consider his objection.

Rule 15(a) generally addresses amendment of pleadings before trial and

3

provides that a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, Rule 16(b) applies when the deadline for amendment of pleadings as set in the scheduling order has passed. The scheduling order deadline had passed by the time plaintiff filed his motion for leave to amend. Docket No. 420 at 3. A scheduling order deadline "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, the requirements of both rules must be satisfied in this case. "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

Rule 15(c) describes when an amendment relates back to the original complaint for the purposes of the statute of limitations. Wright et al., 6A Fed. Prac. & Proc. Civ. § 1497 (3d ed.). Plaintiff's invocation of Rule 15(c) is improper because it is not an independent basis on which to amend. *Cf. Estate of Roemer v. Shoaga*, No. 14-cv-01655-PAB-NYW, 2017 WL 1190558, at *3-5 (D. Colo. Mar. 31, 2017) (granting leave to file amended complaint on finding that Rule 15(a)(2) and 16(b) had been satisfied and where amendment was not futile due to invocation of statute of limitations because amendment related back). Plaintiff must satisfy both Rules 15(a)(2) and 16(b)(4) in order for leave to amend to be proper, and the magistrate judge found that he had failed to do so. Docket No. 420 at 6-7. Because, contrary to plaintiff's objection, the magistrate judge used the proper standard of review, the Court will overrule this objection.

4

To the extent plaintiff's objection can be read to argue that he made a showing of good cause under Rule 16(b)(4) and satisfied Rule 15(a)(2), the Court also overrules it. Plaintiff makes the following statements in his objection: (1) he did not find out that Dr. Mix was responsible for denying the ultrasound until 2020; (2) the supplemental discovery disclosure filed on November 20, 2018, which states, *inter alia*, that "Dr. Mix is employed by Correctional Health Partners and made decisions regarding the approval or denial of outside medical care for Plaintiff," Docket No. 393-3 at 2, could not be construed by him or his counsel as an admission that Dr. Mix denied the ultrasound; and (3) when plaintiff asked what "JAM," written on the ultrasound denial form meant, he was told it was meaningless.  Docket No. 430 at 13, 17.

Plaintiff's objection does not specifically argue that these factors show good cause, but the Court will consider it.  Good cause under Rule 16(b)(4) "means that scheduling deadlines cannot be met despite a party's diligent efforts."  *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, No. 11-cv-00970-PAB-MEH, 2013 WL 6925132, at *3 (D. Colo. Dec. 13, 2013) (internal quotation marks omitted).  Good cause can be shown if a plaintiff learns new information through discovery.  *Gorsuch*, 771 F.3d at 1240.  The magistrate judge found that the November 20, 2018 discovery disclosure put plaintiff on notice of Dr. Mix's role in plaintiff's medical care, and plaintiff's failure to follow up on this disclosure did not constitute good cause.  Docket No. 420 at 6-7.  Plaintiff has put forward no new argument why this disclosure did not put him on notice.  The Court agrees that it is not good cause for the reasons given by the magistrate judge.

The magistrate judge stated that, to the extent plaintiff was alleging fraudulent concealment of Dr. Mix's identity by defendants when he was told that the JAM initials

were meaningless, he had offered no evidence to support the contention.  Docket No. 420 at 6 n.8.  Plaintiff objects that, because CDOC has seized his tablet and legal materials, he was unable to produce any proof.  Docket No. 430 at 18.  Plaintiff does not describe the evidence he would present if he had access to his tablet and legal materials, or specifically state that he has such evidence.  *See id*.  Instead, he argues that "[t]o say Vreeland didn't produce proof when the Court was aware that the case files, tablet[,] and transcripts had been seized by CDOC so Vreeland could not provide proof, flies in the face of justice."  *Id.*  The Court agrees that plaintiff has not made a sufficient showing of good cause to satisfy Rule 16(b)(4).

Plaintiff's objections that the delay and age of the case are the result of defendants' and the Court's delay, not his, are relevant to whether plaintiff should be granted leave to amend under Rule 15(a).  Because the Court finds that plaintiff lacked good cause to amend his complaint to add Dr. Mix under Rule 16(b)(4), the Court "need not reach the Rule 15(a) issue," *Gorsuch*, 771 F.3d at 1242, and the Court therefore overrules this objection.

### 2. *Gina Nelson, M.D.*

Plaintiff seeks leave to add Gina Nelson, M.D. ("Dr. Nelson") back into the case after her dismissal by the Court on September 23, 2019.  Docket No. 387 at 7; Docket No. 340 at 8.  Because the Court has already dismissed Dr. Nelson from the case with prejudice, the magistrate judge recommends denying this portion of the motion to amend as moot.  Docket No. 420 at 6 n.7.  Plaintiff objects that Dr. Nelson's dismissal was due to Tondre's "mental illness."  Docket No. 387 at 7; Docket No. 430 at 20.  Plaintiff argues that the Court and all defense counsel were required to take action once

6

plaintiff alleged that Tondre had a mental disability and to stay the case until the issue was resolved.  Docket No. 430 at 7.  Plaintiff argues that, while a civil litigant is held accountable for the acts or omissions of his chosen counsel, he cannot be held accountable for his counsel becoming mentally ill during this case.  *Id.* at 22.

On September 23, 2019, the Court dismissed plaintiff's claims against Dr. Nelson with prejudice.  Docket No. 340 at 8.  On April 15, 2020, plaintiff filed a pro se motion requesting that the Court change its dismissal of the claims against CDOC defendants, including Dr. Nelson, from "with prejudice" to "without prejudice" pursuant to Fed. R. Civ. P. 60(b).  Docket No. 373.  Plaintiff alleged that Tondre, whom he had by then discharged, committed a pleading error due to "mental illness" and that relief from judgment was necessary to allow plaintiff to attempt to amend his complaint and reinstate his claim against CDOC defendants.  *Id*. at 8.  On May 29, 2020, the Court denied his motion.  Docket No. 394.  Because the Court has dismissed the claims against Dr. Nelson with prejudice, Docket No. 340, and denied plaintiff's attempt to change the dismissal from "with prejudice" to "without prejudice," Docket No. 394, the Court will overrule this objection.

### B.  Motion to Serve

Plaintiff's motion to serve, filed on June 10, 2020, asks the Court to effectuate service on defendants Kathy Mickey ("Mickey") and Tejinder Singh ("Singh"), who have not yet been served with process in this case.  Docket No. 396.  Plaintiff claims that he first learned that Mickey and Singh had not been served when the Court stated so in its May 29, 2020 order.  *Id.* at 1.  The magistrate judge construed the motion to serve as a

7

motion for an extension of time to serve Mickey and Singh under Rule 4(m).  Docket No. 420 at 9.  Under Rule 4(m),

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  The magistrate judge concluded that plaintiff had not show good cause for the failure to serve Mickey and Singh within 90 days because there was ample evidence to put plaintiff and Tondre on notice that Mickey and Singh had not been served.  Docket No. 420 at 11.  The magistrate judge declined to grant a permissive extension due to prejudice to Mickey and Singh and because the extension would cause extensive delay.  *Id.* at 12-13.  The magistrate judge also noted that the claims against Mickey and Singh would not survive a motion to dismiss because the only mention of them is in the section identifying the parties.  *Id.* at 13 n.9.

Plaintiff objects that (1) the Court was obligated to address the issue of plaintiff's counsel's competence; (2) all orders filed after April 5, 2019, when plaintiff made the Court aware of Tondre's alleged mental issues, are void; and (3), although a civil litigant is normally responsible for the actions of his counsel, this does not apply here, where the Court failed in its duty to report plaintiff's counsel's mental disability.  Docket No. 430 at 24.  The Court has previously denied plaintiff's attempts to avoid being bound by the actions of his counsel.  *See* Docket No. 394 (denying motion for relief from judgment premised on counsel's alleged pleading error that resulted in claims being dismissed with prejudice instead of without).  Plaintiff's motion to amend states that he

8

was "[n]ot sure why these CDOC employee defendants were not served," and he did not argue that he was unaware of the service due to his counsel's mental illness.  *See* Docket No. 396 at 2.  "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall*, 75 F.3d at 1426; *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."); *Pevehouse v. Scibana*, 229 F. App'x 795, 796 (10th Cir. 2007) (unpublished) ("the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate.").

Plaintiff argues that his April 5, 2019 motion for hearing to address possible incompetence of his counsel required the Court to address his counsel's alleged mental disability before proceeding on any other matters.  Docket No. 430 at 23.  The problem with this argument is that, even assuming it is true, the deadline to serve parties under the SAC had already passed.  The SAC was filed on October 25, 2018, creating a deadline to serve by January 23, 2019.  On October 29, 2018, plaintiff, through counsel, received notice that service could not be waived as to Mickey and Singh.  Docket No. 253.  On January 7, 2019, plaintiff, through counsel, received notice that the summons was returned unexecuted as to Mickey.  Docket No. 269.  Plaintiff did not raise the issue of his attorney's competence until April 5, 2019, well after service was due.  *See* Docket No. 293.

A party is bound by the acts or omission of his chosen counsel.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993).  "Any other

notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Id.* The Tenth Circuit has held that penalizing a litigant for his attorney's conduct is "nothing novel," and "[t]hose who act through agents are customarily bound by their agents' mistakes." *Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1189 (10th Cir. 2002) (upholding district court dismissal of case with prejudice due to attorney's failure to meet deadlines and appear). Plaintiff points to no authority supporting the proposition that, because he put the Court on notice of his counsel's alleged incompetence, he cannot be bound by his counsel's acts or omissions. The proper remedy for an unhappy client is to pursue a legal malpractice claim. *Id.* The Court will overrule plaintiff's objection that he should not be bound by the failures of his counsel.

The magistrate judge recommends denying a permissive extension of time to serve because, though the statute of limitations will likely bar refiling the claims against Mickey and Singh, the case is almost in its fourth year, bringing in new defendants would bring the case to a standstill, the new defendants would be entitled to time for answering as well as discovery, and an extension would prejudice Mickey and Singh. Docket No. 420 at 12. The magistrate judge also notes that the claims against Mickey and Singh would not survive a motion to dismiss. *Id.* at 13 n. 9.

Plaintiff objects that discovery is not closed, no new discovery would be needed, and "no Rule 12 motion will need to be filed as if it was required it would have been served at the onset of the case when the initial partial Rule 12 motion was filed for Defendants whom had never even been advised they were being sued." Docket No.

10

430 at 25.  The Court interprets plaintiff to be arguing that Rule 12 motions are not required and that, because earlier motions to dismiss were filed on behalf of defendants who did not know they were being sued, the same option should have been exercised by Mickey and Singh.

"In determining whether to grant a permissive extension, the pertinent considerations include [plaintiff's] pro se status, the complexity of the service requirements [ ], the danger of prejudice to the defendants, and the possible expiration of the statute of limitations on the claims."  *Shepard v. U.S. Dep't of Veterans Affs.*, 819 F. App'x 622, 624 (10th Cir. 2020) (unpublished).

The Court construes plaintiff's objection regarding discovery to be an objection to the magistrate judge's conclusion that a permissive extension would cause further delay.  Rule 26(b)(1) permits discovery "regarding any . . . matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Mickey and Singh would be entitled to discovery regarding the claims against them, and plaintiff does not provide any support for his contention that no new discovery would be required.  *See* Docket No. 430 at 25.  The Court agrees with the magistrate judge that extending the service deadline regarding Mickey and Singh would further delay the case.  *Cf. Green v. Lawhorn*, 2012 WL 786331, at *20 (D. Kan. Mar. 8, 2012) (finding no good cause or reason for permissive extension where plaintiff was unaware of lack of service, depended on U.S. Marshals Service to serve defendant, and did not inquire into status of service*); Cuenca v. Univ. of Kansas*, 205 F. Supp. 2d 1226, 1231-32 (D. Kan. 2002) (denying leave to add new defendants who would require additional discovery at late stage because of prejudice to defendants and undue delay).  The Court will therefore

11

overrule plaintiff's objection regarding discovery.

Because the magistrate judge did not rely on the fact that the claims against Mickey and Singh would not survive a motion to dismiss, plaintiff's objection to as to this holding is moot.

## II.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of Magistrate Judge S. Kato Crews [Docket No. 420] is **ACCEPTED**.  It is further

**ORDERED** that plaintiff's Motion for Leave to Amend Complaint to Conform to Evidence [Docket No. 387] is **DENIED**.  It is further

**ORDERED** that plaintiff's Motion to Address Service of Complaint on all Parties [Docket No. 396] is **DENIED**.  It is further

**ORDERED** that plaintiffs Objection to Magistrate Recommendation ECF 420 as to ECF 387 Motion to Amend Complaint and ECF 396 Motion to Effect Service [Docket No. 430] is **OVERRULED**.


DATED January 22, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge