IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-01580-PAB-SKC

DELMART E.J.M. VREELAND, II,

        Plaintiff,

v.

SUSAN M. TIONA,
ROBERT MAGNUSON, M.D.,
CELIA RIFE, R.N.,
KATHY MICKEY, and
TEJINDER SINGH, PA/NP,

        Defendants.

# ORDER

This matter is before the Court on plaintiff's Objection to ECF 456 Issued on 2/26/2021 but not Received Until 3/5/2021 [Docket No. 458]. Defendants Correctional Health Partners ("CHP"), Jeff Archambeau, and Sunsiray Tateosian (collectively, "CHP defendants") have filed a response [Docket No. 463].

## I. BACKGROUND

On May 29, 2020, the Court dismissed CHP defendants from this case and dismissed all claims against Celia Rife ("Rife") except for one. Docket No. 394 at 12-13; Docket No. 355 at 16. Despite the fact that CHP defendants were dismissed, on November 30, 2020 plaintiff filed a motion to compel discovery from the Colorado Department of Corrections ("CDOC") defendants, CHP defendants, and Rife. Docket No. 435. The assigned magistrate judge denied this motion as to CHP defendants and Rife, noting that in order to grant plaintiff's motion the Court would have to amend the

dismissal orders because (1) CHP defendants were dismissed from this case, and (2) all but one claim against Rife was dismissed. Docket No. 456 at 1. The magistrate judge also noted that plaintiff's motion relied on the argument that his previous counsel was ineffective, which is an argument that the magistrate judge and the Court have both considered and rejected as a basis for relief on several occasions. *Id.*

Plaintiff objects that (1), although the CHP defendants have been dismissed, the CHP defendants withheld information relevant to the case which could have helped plaintiff defeat the CHP defendants' motion for summary judgment, and (2) Rife never participated in discovery and her duty to provide discovery and supplement her disclosures "goes all the way . . . to the actual day of trial." Docket No. 458 at 2-3.

Because the issues in the discovery dispute are non-dispositive, the Court will review the magistrate judge's order under a "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). A district court must affirm a magistrate judge's decision unless "'on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## II. ANALYSIS

### A. CHP defendants

Plaintiff argues that the CHP defendants did not supplement their discovery disclosures and this failure prevented plaintiff from defeating their motion for summary judgment. Docket No. 458 at 2. However, as the magistrate judge noted, the CHP defendants have been dismissed from this case. Docket No. 456 at 1.

Rule 37(a)(3)(A) states that, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanction." Plaintiff's motion is a motion to compel discovery and argues that CHP defendants failed to produce any supplemental disclosures. Docket No. 435 at 9-10. The fact that the CHP defendants have been dismissed affects their discovery obligations:

> [t]he discovery rules distinguish between parties to litigation and non-parties. Some rules permit discovery only from parties. Others permit discovery from non-parties, but impose additional burdens for obtaining such discovery . . . .
>
> Similarly, any person may be required to produce documents and any property may be inspected. *See* Rule 34. If the person is not a party to the litigation, the party seeking such discovery must utilize a subpoena to compel such discovery. *See* Rule 34(c).

*Harco Nat'l Ins. Co. v. Sleegers Eng'g, Inc.*, 2014 WL 5421237, at *3 (E.D. Mich. Oct. 22, 2014) (quoting *Blazek v. Cap. Recovery Assocs., Inc.*, 222 F.R.D. 360, 361 (E.D. Wisc. 2004)). A defendant who has been dismissed from a case is considered a non-party for discovery, even if final judgment has not been entered under Rule 54 with respect to the party. *Simon v. Taylor*, 2014 WL 6633917, at *20-22 (D.N.M. Nov. 18,

2014); see also *Treppel v. Biovail Corp.,* 233 F.R.D. 363, 369 (S.D.N.Y. 2006) ("Defendants who have been dismissed with prejudice from a case need no longer respond to discovery requests served upon them when they were parties to the litigation."). CHP defendants thus have no obligation to respond to earlier discovery requests.

Plaintiff's argument that CHP defendants withheld discovery that could have defeated summary judgment is unsupported and speculative. The Court also notes that, if plaintiff required additional discovery to respond to CHP defendants' motion for summary judgment, he could have filed a Rule 56(d) motion. Because a motion to compel is an improper vehicle to obtain discovery from a previously dismissed party, the Court finds no clear error in the magistrate judge's denial of plaintiff's motion to compel discovery from CHP defendants. Therefore, the Court overrules plaintiff's objection.

### B. Rife

Plaintiff's motion to compel argues that Rife has ignored all discovery obligations and refused to communicate with him. Docket No. 435 at 8-9. Rife filed a response stating that counsel for Rife has not refused to communicate with plaintiff, plaintiff never served Rife with written discovery requests, and discovery closed over a year ago and should not be reopened. Docket No. 438 at 4-7. Rife's response includes correspondence between plaintiff and Rife's counsel wherein plaintiff acknowledges that discovery was closed, but that plaintiff's previously retained counsel (who plaintiff fired for alleged mental incompetence) failed to conduct discovery with Rife. Docket No. 438-1 at 2. Rife's counsel responded to plaintiff on April 14, 2020 that he opposed

4

reopening discovery. Docket No. 438-2 at 1. Plaintiff nevertheless did not file his motion to compel until November 30, 2020.

The magistrate judge denied plaintiff's motion to compel because doing so would require amendment of the Court's order dismissing all but one claim against Rife. Docket No. 456 at 1. Plaintiff objects to the magistrate judge's order by arguing again that Rife never participated in discovery, Rife ignored requests for depositions and documents, and that Rife has a continuing obligation to supplement her disclosures. Docket No. 458 at 2-3.

The Federal Rules of Civil Procedure do not provide a strict deadline for filing a motion to compel, but most courts look to the discovery deadlines to determine whether a motion to compel is timely. *See Craig-Wood v. Time Warner N.Y. Cable LLC*, 549 F. App'x 505, 508 (6th Cir. 2014) (unpublished) (finding district court did not abuse discretion in denying motion to compel discovery of certain compact discs when employee did not seek their production prior to discovery deadline and CDs were identified in documents in employee's possession); *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 397-98 (N.D. Tex. 2006) (collecting cases) (finding motion to compel untimely when filed two weeks after discovery deadline, even though filed on day of scheduling order deadline for all motions). Courts also consider:

> (1) the length of time since the discovery deadline expired; (2) the length of time that the moving party has known about the discovery; (3) whether the discovery deadline has been extended; (4) the explanation for the tardiness or delay in filing the motion to compel; (5) whether dispositive motions have been scheduled or filed; (6) the age of the case; (7) any prejudice to the party from whom the discovery is being sought; and (8) any disruption of the court's schedule.

*Betts v. Work Zone Traffic Control, Inc.*, No. 16-cv-01890-CMA-MJW, 2017 WL

5

3424996, at *1 (D. Colo. Aug. 9, 2017). In this case, the factors indicate that plaintiff's motion is untimely.

Rife filed a motion for summary judgment on April 3, 2019, Docket No. 285, which the Court granted in part on May 29, 2020. Docket No. 394. Rife filed a declaration in support of her motion for summary judgment providing her recollections of the medical appointment in question. Docket No. 438 at 7. Plaintiff acknowledged that the discovery deadline had passed with respect to Rife. Docket No. 438-1 at 2. Plaintiff's stated reason for the delay in requesting the discovery is the mental incapacity of his prior counsel; however, the Court granted counsel's motion to withdraw on February 25, 2020, Docket No. 360, and plaintiff did not file this motion to compel until November 30, 2020. Docket No. 435. While plaintiff argues that he requested depositions and documents and Rife's counsel ignored these requests, plaintiff provides no evidence of this. *See* Docket No. 458 at 2-3. Moreover, Rife's counsel states that he responded to the only communication he has received from plaintiff. Docket No. 438 at 4.

The Court finds that plaintiff's motion to compel is untimely and overrules his objection to the magistrate judge's order.

### III. CONCLUSION

For the foregoing reasons, it is

6

**ORDERED** that plaintiff's Objection to ECF 456 Issued on 2/26/2021 But Not Received Until 3/5/2021 [Docket No. 458] is **OVERRULED**.

DATED June 3, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge